IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| MATTHEW KIRKPATRICK, | ) | CIVIL NO. 02-1197-MO (Lead) |
| | ) | 03-199-MO |
| Plaintiff, | ) | |
| | ) | ORDER ON PLAINTIFF'S MOTION |
| v. | ) | FOR ATTORNEY FEES AND COST |
| | ) | BILL |
| EQUIFAX INFORMATION SERVICES, | ) | |
| LLC, a foreign corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MOSMAN, J.,**

Plaintiff prevailed on his claims asserted under 15 U.S.C. § 1681o(a)(2) and received $210,000 in damages from a jury. Because plaintiff prevailed on this Fair Credit Reporting Act ("FCRA") claim, he is entitled to recover his reasonable attorney fees under 15 U.S.C. § 1681o. Plaintiff now seeks $302,650 in attorney fees and costs in the amount of $28,180.44.

Defendant maintains that plaintiff's success was limited and that time entries are excessive. Defendant argues that the only claim on which plaintiff was successful, for negligent violations of FCRA, was essentially conceded by defendant in its

PAGE 1 - ORDER ON MOTION FOR ATTORNEY FEES & COST BILL

Rule 30(b)(6) deposition when Alicia Fluellen acknowledged over a dozen mistakes in plaintiff's file. Plaintiff failed to prove a willful violation of FCRA and failed to receive punitive damages. Further, defendant made a settlement offer of $110,000 plus attorney fees then totaling $135,000, months before trial. Defendant suggests that plaintiff was, for the most part, unsuccessful at trial as the verdict represents less than 5 percent of the damages requested and slightly more than an early settlement offer. Defendant further suggests that plaintiff was prolonging the matter in an unsuccessful effort to obtain punitive damages. For these reasons, defendant suggests the court greatly reduce the attorney fees requested.

## LEGAL STANDARD

In this circuit, reasonable attorney fees are determined by first calculating the "lodestar." Jordon v. Multnomah County, 815 F.2d 1258, 1262 (9th Cir. 1987). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996). The party seeking an award of fees must submit evidence to support the number of hours worked and the rates claimed. Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000). "A district court should exclude from the lodestar amount hours that are not reasonably expended because

they are excessive, redundant, or otherwise unnecessary." Id. (internal quotation omitted).

While there is a strong presumption that the lodestar figure represents a reasonable fee, the district court may adjust the award from the lodestar figure upon consideration of additional factors that may bear upon reasonableness. Jordon, 815 F.2d at 1262; Kerr v. Screen Guild Extras, Inc., 526 F.2d 67, 70 (9th Cir. 1975).

DISCUSSION

I. Calculation of Lodestar

### Hourly Rate

Defendant does not object to plaintiff's counsels' hourly rates. The court, likewise, agrees that they are reasonable given the attorneys' experience and the prevailing rates in this community. The attorney rates are: Robert Sola, $250 per hour; Michael Baxter, $235 per hour; Justin Baxter, $195 per hour. The court also finds that the paralegal rate of $75 per hour is reasonable.

### Hours Expended

The court accepts plaintiff's counsels' representation that all of the more than 1,250 attorney hours billed were related to defendant Equifax and not other defendants who settled plaintiff's claims.

The court finds some specific time to be excessive.

Plaintiff seeks 66.4 hours of combined attorney and paralegal time for preparation of plaintiff's opening statement. The court finds this to be excessive. Because plaintiff's submission is unreasonable and because no reasonable alternative has been suggested by plaintiff, the court strikes the $12,449 sought. Also stricken is the 7.8 hours sought in reviewing the protective order. As counsel has reviewed numerous protective orders in similar cases the $1,848 in fees is disallowed.

Paralegal time totaling 36.6 hours is sought for making copies, faxing and scanning documents. Such time is administrative in nature and is disallowed in the amount of $2,745.

Time billed by Michael Baxter to attend the deposition of Alicia Fluellen is duplicative to time billed by Robert Sola who took the deposition. These 16.5 hours totaling $3,878 are disallowed. The other amounts sought to be reduced by defendant, while high, are not plainly excessive and may remain as billable time.

In total the court disallows $20,920.00 in fees reducing the total lodestar to $281,730.00.

II. Reduction of the Lodestar

The court finds that this FCRA was not unusually novel or difficult. FCRA is a legal specialty that plaintiff's counsel

PAGE 4 - ORDER ON MOTION FOR ATTORNEY FEES & COST BILL

had already mastered prior to pursuing this litigation. Counsels' hourly rate already reflects this mastery, and counsel do not receive a premium because of it.

Significant to the court is plaintiff's failure to receive punitive damages. This case was largely about punitive damages as liability for negligence was virtually acknowledge by defendant. In <u>Acton v. Bank One Corp</u>., CV 01-738-PHX-DGC (D. Ariz. Oct. 13, 2004), Judge Campbell of the District of Arizona considered plaintiff's motion for attorney fees seeking $156,085 after settling "for a modest sum." From $156,085, Judge Campbell reduced the lodestar amount to $96,420, before reducing the total fees awarded to $32,140, given that the eventual settlement was less than 33% of the damages originally sought by plaintiff. He reasoned that plaintiff's recovery was minimal and that plaintiff's counsel should not receive the benefit of time spent in search of punitive damages which were not recoverable. Here too, the court finds that because plaintiff was unsuccessful in receiving punitive damages some reduction is appropriate. The degree of success obtained by plaintiff is "the most critical factor" in determining an appropriate fee award. <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 436 (1983).

In this case, if we set a goalpost at $135,000, which represents the amount of pre-trial fees that had accrued and that defendant was prepared to pay at the time of its settlement

PAGE 5 - ORDER ON MOTION FOR ATTORNEY FEES & COST BILL

offer, and a second goalpost at the lodestar amount of $281,730.00, the court believes that the appropriate fee award is approximately midfield, at $195,000, reflecting the limited success obtained at trial and some inflation in the request. The court also considers awards in similar cases and the customary fees for such litigation and finds that the reduced fee award is consistent with other FCRA fee awards.

III. Bill of Costs

Plaintiff submits a Bill of Costs seeking reimbursement of $28,180.44 in fees and costs. Of this amount $13,245 is for fees paid to plaintiff's expert, Evan Hendricks. As the Bill of Costs lists this amount under "Compensation of court-appointed experts," and Mr. Hendricks was not court-appointed, this amount is stricken. See Davis v. City & County of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992). The court strikes the witness fees for Lillie Saldana and Sharon Wilson who did not testify at trial totaling $70. The court also strikes a "private investigator" fee of $212.50, FedEx charges of $46.27 for shipping documents to Mr. Hendricks, and expenses for meals totaling $125.55. In total the court reduces the Bill of Costs by $13,699.32. The clerk is directed to tax costs in the amount of $14,481.12. Such amount may be included in the judgment.

In conclusion, the Bill of Costs is GRANTED in the amount of

PAGE 6 - ORDER ON MOTION FOR ATTORNEY FEES & COST BILL

$14,481.12, and the motion for attorney fees is GRANTED in the amount of $195,000.00.

IT IS SO ORDERED.

DATED: Portland, Oregon, May 23, 2005.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge

PAGE 7 - ORDER ON MOTION FOR ATTORNEY FEES & COST BILL